

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 3 0 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| GRADY A. FLESHMAN, JR., | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| MILTON E. "BUDDY" NIX, JR.; | : | 1:04-CV-2988-JEC |
| GARLAND R. HUNT; GARFIELD | : | |
| HAMMONDS, JR.; DR. EUGENE | : | |
| P. WALKER; J. MICHAEL | : | |
| LIGHT, | : | |
| Defendants. | : | |

### ORDER

This case is presently before the Court on Plaintiff's motion to compel the Clerk to perfect service [Doc. 24]; Defendants' pre-answer motion to dismiss [Doc. 25]; Plaintiff's motion for an extension of time to answer Defendants' pre-answer motion to dismiss [Doc. 27]; Plaintiff's motion to amend the complaint [Doc. 28]; Plaintiff's motion for appointment of counsel [Doc. 30]; and Plaintiff's motion for temporary restraining order and preliminary injunction [Doc. 31].

The Court has reviewed the record and the arguments of the parties and, for the reasons set forth below, concludes that Defendants' pre-answer motion to dismiss [Doc. 25] should be **GRANTED**; Plaintiff's motion for an extension of time to answer the Defendants' pre-answer motion to dismiss [Doc. 27] should be **GRANTED** nunc pro tunc; and Plaintiff's motion to amend the complaint [Doc. 28] should be **DENIED**.  The following motions

AO 72A
(Rev.8/82)

should be **DENIED AS MOOT**:  Plaintiff's motion to compel the
Clerk to perfect service [Doc. 24]; Plaintiff's motion for
counsel [Doc. 30]; and Plaintiff's motion for a temporary
restraining order and preliminary injunction [Doc. 31].

I.   Motion to Dismiss

     A.   Background

     Plaintiff Grady A. Fleshman, Jr. ("Plaintiff") filed the
instant civil rights complaint pursuant to 42 U.S.C. § 1983,
against several members of the Georgia Board of Pardons and
Paroles ("Board").   On February 28, 2000, Plaintiff was
convicted of child molestation and aggravated child molestation
for acts that were committed between July 31, 1991, and June 1,
1994.  (See Att. 1 to Plaintiff's Initial Disclosures, at 7).
Plaintiff was sentenced to a total of fifteen years -- seven
years to serve in prison to be followed by eight years of
probation.  (See Att. to Complaint, at 1).

     Plaintiff's original complaint alleged that, at the time he
committed his offenses, the policy of the Board required Georgia
inmates to serve one-third of their sentence before becoming
eligible for parole (hereinafter "the one-third policy").  (Att.
to Complaint, at 6).  Plaintiff further alleged that rather than
applying the one-third policy when determining his eligibility
for parole, Defendants violated his constitutional protection

2

AO 72A
(Rev.8/82)

against ex post facto laws by applying the "90% policy"[1] thereto. In support of his claim, Plaintiff, inter alia, relies upon: (1) a copy of the Board's October 30, 2000, "Notice of Tentative Action," which notified Plaintiff that the Board decided to depart from its guideline recommendation of fifty-two months (or a little over four years) to serve, and to require Plaintiff to serve his entire seven-year sentence (Att. F-2 to Plaintiff's Initial Disclosures); (2) a March 13, 2003, letter from the Board notifying Plaintiff that it had reconsidered Plaintiff's parole eligibility and determined again to deny parole and to require Plaintiff to serve his entire sentence (Att. F-1 to Plaintiff's Initial Disclosures); and (3) a September 16, 2004, letter from the Board denying Plaintiff's motion for reconsideration.   (See Complaint, Exh. 2).   In the original complaint Plaintiff sought injunctive and declaratory relief.

On Mach 30, 2005, Defendants filed a pre-answer motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).

---

[1] On December 9, 1997, the Board adopted a resolution amending its statutory guidelines "to provide that any offender who is convicted on or after January 1, 1998, of one or more of [twenty enumerated offenses] . . . will be required to serve a minimum of 90% of the court imposed term of incarceration in prison." Jackson v. State Bd. of Pardons and Paroles, No. 2:01-CV-068-WCO, 2002 WL 1609804 at *1 (N.D. Ga. May 30, 2002).   As discussed below, however, the Board has since announced that it will no longer apply the 90% policy when considering inmates for parole.

3

Therein, Defendants argue that Plaintiff has failed to state a claim for relief because his allegation that the Board retroactively applied the 90% policy to him is a self-serving statement unsupported by any of Plaintiff's attached documents. Specifically, Defendants claim that nothing therein demonstrates that the 90% policy was applied when the Board denied parole to Plaintiff.   Plaintiff responds by claiming that he has since procured documents that do, in fact, demonstrate that the 90% policy was applied to him.  The documents to which he refers -- those documents attached to his amended complaint -- do not demonstrate that the 90% policy was applied to him.  Regardless, as discussed further below, his ex post facto claim with regard to the 90% policy is now moot.

B.    Standard of Review

Under Federal Rule 12(b)(6), a court may dismiss a claim for failure to state a claim upon which relief may be granted. When deciding whether to dismiss a claim under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept the plaintiff's allegations of material fact as true.   Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998). A court may grant a motion to dismiss if it finds that the plaintiff cannot prove any set of facts consistent with the complaint which would entitle him or her to

AO 72A
(Rev.8/82)

relief. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). Defendants bear "the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." <u>Beck</u>, 144 F.3d at 736. Although courts evaluating the merits of a motion to dismiss ordinarily look only to the pleadings, documents attached to a complaint or incorporated by reference into the pleadings are also appropriately considered. <u>Fed. Deposit Ins. Corp. v. Young</u>, 732 F.Supp. 111, 113 (N.D.Ga.1990) (Hall, J.); <u>see</u> Fed.R.Civ.P. 10(c). The court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations. <u>See</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986) (stating that assertions are properly disregarded when actual supporting facts are not provided).

C. <u>Analysis</u>

The Court finds that Plaintiff has failed to allege sufficient facts to show that the Board retroactively applied the 90% policy to him, and, therefore, has failed to state an <u>ex post facto</u> claim with regard thereto. It is apparent that the Board considered Plaintiff at least three times for parole, and none of those decisions give any indication that the Board applied the 90% policy when Plaintiff was denied parole.

5

First, under the 90% policy, Plaintiff would not have been considered for parole until he had served 90% of his sentence -- or a little over six years. See Jackson v. State Bd. of Pardons and Paroles, No. 2:01-CV-068-WCO, 2002 WL 1609804 at *1 (N.D. Ga. May 30, 2002) (O'Kelley, J.). As Plaintiff was considered for parole for the first time in 2000 -- the same year in which he was convicted -- and again three years later, the Board clearly did not apply the 90% policy to Plaintiff's parole consideration. Additionally, the Board's guideline recommendation was only fifty-two months (though it decided to depart therefrom), or approximately 62% of Plaintiff's sentence. Had the Board applied the 90% policy to Plaintiff, its initial guideline recommendation would have been at least seventy-five months, which is 90% of Plaintiff's sentence. Thus, Plaintiff's conclusory assertion that the Board applied the 90% policy to his parole consideration is unsupported by any facts and, accordingly, fails to state an ex post facto claim. See Papasan, 478 U.S. at 286.

Even assuming, arguendo, that the Board did, in fact, apply the 90% policy to Plaintiff's parole consideration, Plaintiff's ex post facto claim with regard thereto has now become moot. This Court takes judicial notice of the following: on March 3, 2005, a Fulton County Superior Court judge ruled that the

6

Board's 90% policy was implemented improperly and as a result is "ineffective and has no force or effect." In response thereto, the Board announced in a March 10, 2005, press release that: (1) it will not appeal the court's decision; (2) it will no longer apply the 90% policy when considering inmates for parole; and (2) it will reconsider all cases previously considered using the 90% policy. Georgia State Board of Pardons and Paroles, Court Rules 90% Policy "Ineffective," at http://www.pap.state.ga.us/News.htm (March 10, 2005). Thus, Plaintiff's ex post facto claim with regard to the 90% policy has been rendered moot by the Board's decision to abandon the policy and reconsider all inmates previously considered using such policy. See Cook v. Baker, No. 04-15021, 2005 WL 1489322 at *2 n.2 (11th Cir. June 23, 2005) ("[The prisoner's] argument assailing the Georgia Board of Pardons and Parole's adoption of the '90%' policy adopted in 1997, and applied retroactively, has been rendered moot by the Board's decision [sic] abandon the policy."). For all of these reasons, Defendants' pre-answer motion to dismiss [Doc. 25] should be granted.

II.   Motion to Amend the Complaint

On April 25, 2005, after Defendants filed their pre-answer motion to dismiss, Plaintiff filed a motion to amend the complaint. [Doc. 28]. Rule 15(a) of the Federal Rules of Civil

Procedure provides that once responsive pleadings are filed, a party may only amend the complaint by written consent of the parties or by leave of court, which shall be freely given "when justice so requires." Fed.R.Civ.P. 15(a). Plaintiff has not sought written consent from Defendants.

The Court finds that justice does not require that this Court grant leave for Plaintiff to amend the complaint. First, allowing Plaintiff's new claims would unduly prejudice Defendants, who have already filed their motion to dismiss. <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Additionally, as discussed further herein, any such amendment would be futile as Plaintiff's claims do not survive a frivolity review pursuant to 28 U.S.C. § 1915A.   <u>See</u> <u>Foman</u>, 371 U.S. at 182.

In the amended complaint, Plaintiff reiterates his <u>ex post facto</u> claim with regard to the 90% policy,[2] and raises additional claims that in denying parole and requiring him to serve his entire sentence, the Board:   (1) violated his <u>ex post facto</u> rights by applying O.C.G.A. § 17-10-6.1 to his parole

---

[2] Because this Court has determined that Defendants' motion to dismiss the complaint should be granted with regard to this claim, the Court will not engage in any further discussion in connection therewith.

8

AO 72A
(Rev.8/82)

determination;[3] (2) violated his due process rights; (3) engaged in a breach of contract by failing to adhere to his plea agreement; and (4) violated his equal protection rights. Plaintiff also attempts to seek monetary relief in addition to the injunctive and declaratory relief he previously sought.  In order to determine whether justice requires that this Court grant Plaintiff leave to amend the complaint, this Court will conduct a frivolity review of his additional claims pursuant to 28 U.S.C. § 1915A.

A.   28 U.S.C. § 1915A Frivolity Determination

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action:   (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless"   or   that   the   legal   theories   are   "indisputably

---

[3] O.C.G.A. § 17-10-6.1 provides that persons convicted of a "serious violent felony" shall be sentenced to a mandatory minimum sentence of ten years and must serve 100% of that mandatory minimum sentence (hereinafter the "100% policy") without being considered for parole.   O.C.G.A. § 17-10-6.1(a)(b)(West 2005).     Aggravated child molestation is considered a "serious violent felony" for the purposes of the statute.  O.C.G.A. § 17-10-6.1(a).

AO 72A
(Rev.8/82)

meritless."   <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir.
1993).   A complaint may be dismissed for failure to state a
claim when it appears beyond doubt that the plaintiff can prove
no set of facts in support of his claim which would entitle him
to relief.  <u>Brower v. County of Inyo</u>, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C.
§ 1983, a plaintiff must satisfy two elements.   First, the
plaintiff must allege that an act or omission deprived him of a
right, privilege, or immunity secured by the Constitution or a
statute of the United States.  <u>Hale v. Tallapoosa County</u>, 50
F.3d 1579, 1581 (11th Cir. 1995).   Second, the plaintiff must
allege that the act or omission was committed by a person acting
under color of state law.  <u>Id.</u>   If a litigant cannot satisfy
these requirements, or fails to provide factual allegations in
support of the claim, then the complaint is subject to dismissal
pursuant to 28 U.S.C. § 1915A.   <u>See Oladeinde v. City of
Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992) ("In pleading
a Section 1983 action, some factual detail is necessary...").

B.   <u>Analysis</u>

The Court first notes that Defendants are entitled to
absolute quasi-judicial immunity from damages for parole
decisions.  <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1279 (11th Cir.
1990); <u>Fuller v. Georgia State Bd. of Pardons and Paroles</u>, 851

10

F.2d 1307, 1310 (11th Cir. 1988); Cruz v. Skelton, 502 F.2d 1101, 1101-02 (5th Cir. 1974). Plaintiff, therefore, is not entitled to monetary relief against any of the Defendants. If Plaintiff has stated any claim under § 1983, therefore, the only relief that this Court would be able to provide to Plaintiff would be with regard to his request for injunctive and declaratory relief. As discussed more thoroughly herein, however, none of the claims in Plaintiff's amended complaint are cognizable under § 1983.

### 1. Ex Post Facto Claim[4]

The Ex Post Facto Clause prohibits States from enacting laws that, by their retroactive application, increase the punishment for a crime after it has been committed. See Garner v. Jones, 529 U.S. 244, 249 (2000). As with Plaintiff's claim that the Board retroactively applied the 90% policy to his parole decision, Plaintiff has failed to allege sufficient facts to show that the Board retroactively applied O.C.G.A. § 17-10-6.1 to him, and, therefore, has failed to state an ex post facto claim with regard thereto. That portion of O.C.G.A. § 17-10-6.1

---

[4] The Court notes that Plaintiff erroneously intertwines his ex post facto claim with his due process claim, insinuating that retroactive application of a policy by the Board that increases his punishment thereby violates his due process rights. As these claims are distinct claims, the Court will discuss them separately.

which provides for mandatory minimum sentences with no possibility of parole became effective on January 1, 1995. See O.C.G.A. § 17-10-6.1 (West 1994) (amended 1998 and 2003). Because Plaintiff committed his crimes from 1991 to 1994, any application of this statute to Plaintiff could potentially raise ex post facto issues. See, e.g., Cummings v. Baker, No. 04-15512, 2005 WL 1079516 at *3 (11th Cir. May 9, 2005) (indicating that ex post facto problems could arise if O.C.G.A. § 17-10-6.1 were applied to a plaintiff whose crimes were committed before its enactment). It is apparent, however, that this statute was not applied to Plaintiff.

First, Plaintiff was not sentenced to the mandatory minimum ten years' imprisonment as set forth in O.C.G.A. § 17-10-6.1. Rather, as discussed previously herein, Plaintiff was sentenced to seven years' imprisonment to be followed by eight years of probation. (See Att. to Complaint, at 1). Additionally, as with the 90% policy, although the "100% policy" contained in O.C.G.A. § 17-10-6.1 mandates that the Board not even consider parole for a person sentenced under that statute, Plaintiff was considered for parole by the Board on at least three occasions. Finally, nothing in the Board's decision refers to O.C.G.A. § 17-10-6.1; rather, the Board indicated that it was departing from its guidelines to require that Plaintiff serve his entire

12

sentence based upon the circumstances of his crime.  (Att. F-1, F-2 to Plaintiff's Initial Disclosures).[5]  Accordingly, Plaintiff has failed to state an ex post facto claim with regard to O.C.G.A. § 17-10-6.1.

> 2.   Due Process Claim

Despite Plaintiff's arguments to the contrary, the United States Supreme Court has ruled that there is no per se entitlement to parole or to due process in the parole consideration process.  Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979).  In Sultenfuss v. Snow, 35 F.3d 1494 (11th Cir. 1994), the Eleventh Circuit held that Georgia's parole system does not create a liberty interest in parole implicating the protection of the Due Process Clause. Id. at 1499-1501.  Under Georgia's parole system, the Board has broad and unfettered discretion in reaching parole decisions in each individual case based upon that individual's history and circumstances.  Id.  The Board is neither required by statute to reach any particular result in a given case, nor to abide by the parole guidelines in administering parole.  Id.

---

[5] As discussed in the next section, it was entirely within the Board's discretion to depart from its guidelines in determining whether Plaintiff should be granted parole.

Because Georgia's parole system does not place limitations on the Board's discretion sufficient to create a liberty interest in parole, the Board's practices and procedures are generally beyond review. <u>Id.</u> "Unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness." <u>Slocum v. Georgia State Bd. of Pardons and Paroles</u>, 678 F.2d 940, 942 (11th Cir. 1982) (citation omitted).

Plaintiff argues that the United States Supreme Court essentially abolished the Eleventh Circuit's <u>Sultenfuss</u> decision in <u>Sandin v. Connor</u>, 515 U.S. 472 (1995). Plaintiff's argument, however, is misplaced, as <u>Sandin</u> involved prison disciplinary actions rather parole decisions. Thus, <u>Sultenfuss</u> still applies and, as the Georgia parole system creates no legitimate expectation of parole, Plaintiff has no constitutionally-protected liberty interest in the procedures by which parole decisions are reached. Accordingly, Plaintiff's allegations fail to state a due process claim under § 1983.

14

### 3.   Breach of Contract

Plaintiff claims that the Board breached the contract (i.e., the plea agreement) that he entered into on the condition that he would be eligible for parole.  In order for a civil rights action to lie under § 1983, there must be an underlying constitutional right that exists.  Wideman v. Shallowford Comty. Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987).  Because Plaintiff has no constitutional right to parole, the Board cannot have violated Plaintiff's constitutional rights due to a breach of contract.  "[A] simple breach of contract by the State does not rise to the level of a constitutional deprivation" supporting a § 1983 cause of action.  Medical Laundry Serv., a Div. Of OPLCO, Inc. v. Board of Trustees of the University of Alabama, 906 F.2d 571, 573 n.2 (11th Cir. 1990).  Therefore, Plaintiff's breach of contract claim is not cognizable under § 1983.

### 4.   Equal Protection Claim

Finally, Plaintiff claims that the Board has shown prejudice and intentional discrimination in denying him parole, thereby violating his equal protection rights.  It is well-established that the constitutional guarantee of equal protection does not forbid all classifications; rather, it "keeps governmental decision makers from treating differently

15

persons who are in all relevant respects alike." <u>Nordlinger v.</u> <u>Hahn</u>, 505 U.S. 1, 10 (1992). Equal protection principles do not, therefore, prevent a state from treating differently situated people in a different way. <u>See</u> <u>Schweiker v. Hogan</u>, 457 U.S. 569, 590 (1982). "To establish an equal protection violation, plaintiff must show (1) that he is similarly situated with other prisoners (e.g., prisoners who had the same parole success likelihood scores and crime severity levels) who were given earlier tentative release dates; and (2) defendants have engaged in invidious discrimination against him based upon his membership in a constitutionally protected class (e.g., ethnicity)." <u>Parisie v. Morris</u>, 873 F.Supp. 1560, 1563 (N.D. Ga. 1995) (Freeman, J.) (quoting <u>Damiano v. Florida Parole and</u> <u>Probation Comm'n.</u>, 785 F.2d 929, 932-33 (11th Cir. 1986)).

Plaintiff attempts to meet the first prong by relying upon statistics from the Board that he attaches to the amended complaint, which allegedly show that the average percentage of sentences served for child molestation and aggravated child molestation are less than what the Board has required Plaintiff to serve. (Amended Complaint, Exh. C and D). Plaintiff, however, has not established that the persons included in those statistics had the same parole success likelihood scores, the same crime severity level, or even the same length of

16

imprisonment.  Thus, it is not entirely clear that those persons included in the statistics are, in fact, similarly situated to Plaintiff.

Plaintiff also argues that he is similarly situated to the inmate class set forth in <u>Jackson</u>, <u>supra</u>.  <u>Jackson</u>, however, involved the Board's retroactive application of the 90% policy to the plaintiff.  Because the 90% policy was not applied in Plaintiff's case, he is not "similarly situated" to any plaintiffs that were considered under that policy.

Even if Plaintiff could demonstrate that he is similarly situated to prisoners who were released earlier than their entire sentence, he has failed to show that the Board's determination that he serve his entire sentence was based upon his membership in a protected class.  In fact, the only class to which Plaintiff refers are those persons convicted of child molestation or aggravated child molestation, neither of which is a constitutionally protected class.  Because Plaintiff has failed to establish either prong under an equal protection analysis, he has not alleged an equal protection claim under § 1983.

In summary, allowing Plaintiff to amend the complaint after Defendants filed their motion to dismiss would be unduly prejudicial to Defendants.  Moreover, any such amendment would

17

be futile because Plaintiff's amended complaint fails to raise any cognizable claims under § 1983.   Thus, the interests of justice do not require that this Court grant leave for Plaintiff to amend his complaint pursuant to Fed.R.Civ.P. 15(a).

III. Conclusion

For the foregoing reasons, Defendants' pre-answer motion to dismiss [Doc. 25] is **GRANTED**, and Plaintiff's motion to amend the complaint [Doc. 28] is **DENIED**.

Plaintiff's motion for an extension of time [Doc. 27] should be **GRANTED** nunc pro tunc.   The responsive pleadings filed on April 25, 2005, are accepted as filed.

The Court **DENIES AS MOOT** the following motions filed by Plaintiff: motion to compel the Clerk to perfect service [Doc. 24]; motion for counsel [Doc. 30]; and motion for a temporary restraining order and preliminary injunction [Doc. 31].

**IT IS SO ORDERED**, this _30_ day of _November_ , 2005.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

18